BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSE SANCHEZ, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. 2:02-CR-519 FCD <br><br> **STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** <br><br> Court: Hon. Frank C. Damrell, Jr. |

It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendant Jose Sanchez, aka Juan Madrigal and Miguel Mejia Ayala, on the other hand, through their respective attorneys, that:  (1) the presently set July 19, 2010, status conference shall be continued to August 23, 2010, at 10:00 a.m.; (2) time from the date of the parties' stipulation, July 15, 2010, through, and including, August 23, 2010, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case)

1

and T4 (reasonable time for defense counsel to prepare); and (3) time from the date of the last status conference hearing on April 26, 2010, to July 19, 2010, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case) and T4 (reasonable time for defense counsel to prepare).

The parties note that defendant Jose Sanchez is the same person charged as defendant Juan Madrigal and Miguel Mejia Ayala, in <u>United States v. Juan Madrigal, et al.</u>, Case No. 2:09-CR-401 FCD, and District Judge Frank C. Damrell related the instant case to that case on October 15, 2009.

In addition, in the related case, the United States has produced substantial discovery to defense counsel, Gilbert Roque, Esq, and he will need additional time to review the discovery. There have been interviews of both defendants conducted in the Spanish language and those interviews must be translated to the English language; and there is significant discovery to be reviewed by the attorneys and translated through an English/Spanish interpreter for this Spanish-speaking defendant.

Furthermore, Mr. Roque, will need to perform additional work in the instant case as there is additional significant discovery, including approximately 823 pages, five cassette tape recordings, two compact disks, and a videotape, that Mr. Roque will need to review in order to defend his client's interests. Mr. Roque will need to review the transcript of approximately 1,304 pages in the trial of co-defendant Esequiel Quesada Garcia in Case No. 2:02-CR-519 FCD, to help him prepare his client's defense. Again,

there will be significant discovery to be reviewed and translated through an English/Spanish interpreter for Mr. Roque's Spanish-speaking client.  It is Mr. Roque's desire to attempt to resolve both cases as part of a comprehensive resolution, if possible. Consequently, it is Mr. Roque's belief that the unusual and complex nature of Case No. 2:09-CR-401 FCD spills over to the instant case and renders the instant case unusual and complex.

Also, on behalf of his client, Mr. Roque has requested that the United States Probation Office prepare pre-plea presentence reports to help his client understand the possible ramifications from a guilty plea.  It is the understanding of the parties that the Probation Office will soon release the pre-plea presentence report to the respective parties.  However, Mr. Roque desires additional time to explain the pre-plea presentence report to his client and the consequences of a guilty plea.

Finally, both the United States and Mr. Roque on behalf of his client agree that at the last status conference hearing on April 26, 2010, the parties requested the Court exclude time from April 26, 2010, to July 19, 2010, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case) and T4 (reasonable time for defense counsel to prepare) in the instant case in the same manner as the Court did so in the related case.  However, perhaps as a result of inadvertent oversight, the Court minutes for the instant case do not reflect any appearance on the April 26, 2010, date or any Speedy Trial Act exclusion.  Accordingly, both the United States and defendant Jose Sanchez stipulate and agree that the Court should exclude time under the Speedy Trial Act <u>nunc pro tunc</u> from

April 26, 2010, to July 19, 2010, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case) and T4 (reasonable time for defense counsel to prepare).

Based on these facts, the parties stipulate and agree that the instant case is unusual and complex and it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in § 3161.  In addition, the parties stipulate and agree that the trial delay and exclusion of time requested herein is necessary to provide defense counsel reasonable time to prepare his client's defense taking into account the exercise of due diligence.

Dated:  July 15, 2010           /s/ Gilbert Roque
                                _____
                                GILBERT ROQUE
                                Attorney for Defendant
                                Juan Madrigal
                                (per telephone authorization)


Dated:  July 15, 2010           BENJAMIN B. WAGNER
                                UNITED STATES ATTORNEY

                                    /s/ Samuel Wong
                                By: _____
                                SAMUEL WONG
                                Assistant U.S. Attorney


**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect

adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

For the reasons stated in the parties' stipulation, the Court orders that:  (1) time from April 26, 2010, to July 19, 2010, shall be excluded <u>nunc pro tunc</u> from computation of time within which the trial of this matter must be commenced pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case) and T4 (reasonable time for defense counsel to prepare); (2) time from the date of the parties' stipulation, July 15, 2010, to and including the new August 23, 2010, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare); and (3) a status conference shall be held on August 23, 2010, at 10:00 a.m.

Dated: July 16, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE